**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails,<br><br>    Plaintiff,<br><br>v.<br><br>Corey Carpenter, et al.,<br><br>    Defendants. | No. CV-22-00194-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Plaintiff Angela Nails' Amended Complaint. (Doc. 6.) The Court previously dismissed Plaintiff's Complaint but granted leave to amend. (Doc. 5.) The Court found that Plaintiff had not pled sufficient facts to establish subject matter jurisdiction or to state a claim upon which relief may be granted. (*Id.*) On May 9, 2022, Plaintiff filed an Amended Complaint. (Doc. 6.)

### I.     Statutory Screening of IFP Complaint

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). The district court applies the same standard that is applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Court "construe[s] *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

## II.     Plaintiff's Complaint

Plaintiff is a student at North Central University taking online courses in the Doctoral Business Study Degree program. (Doc. 6 at 1.) Plaintiff's online dissertation course, taught by Defendant Cory Carpenter, consisted of eight weeks, with an assignment each week. (*Id.*) Only the final assignment is graded. (*Id.*)

In the Amended Complaint, Plaintiff alleges that Defendant violated Title VI because "Plaintiff was discriminated against because the Plaintiff [sic] opportunity to receive a passing grade was voluntarily rejected by the Defendant." (*Id.* at 3.) Plaintiff alleges Plaintiff sent an email to Defendant in the first week of the course to schedule a required phone call to discuss the eight weeks of course assignments. (*Id.* at 2.) According to Plaintiff, Defendant never responded. (*Id.*) This prevented Plaintiff "the opportunity to have an equal education" because Plaintiff did not understand what Defendant expected or how to improve the work before the final assignment. (*Id.* at 3.) Additionally, Plaintiff alleges "because the Plaintiff receive [sic] financial assistance

from North Central University the Plaintiff is a victim of non-compliance of using financial assistance and to receive the same education as other students in the online classroom." (*Id.*)

### III. Subject Matter Jurisdiction

The Court previously found that Plaintiff had not pled sufficient facts to support subject matter jurisdiction over this case. (Doc. 5.) In the Amended Complaint, Plaintiff asserts the Court has diversity jurisdiction because Plaintiff resides in Georgia and Defendant resides in Arizona. (Doc. 6 at 1.)

"An amended motion supersedes an original motion" and "after amendment, the Court [treats] an original motion as nonexistent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *A.R. Intern. Anti-Fraud Sys., Inc. v. Pretoria Nat. Cent. Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) ("An amended complaint supercedes [sic] the original complaint, and this Court treats A.R. International's original complaint as withdrawn."). Therefore, the Court only considers Plaintiff's Amended Complaint.

Nowhere in the Amended Complaint does Plaintiff indicate the amount in controversy, let alone allege that it exceeds $75,000 or plead facts supporting the sum sought. The Court may only exercise diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. Thus, Plaintiff has still not pled sufficient facts to support diversity jurisdiction.

Nonetheless, the Amended Complaint raises a claim under Title VI. (Doc. 6 at 1–2.) The Court agrees with Plaintiff that there is federal question jurisdiction for cases arising under Title VI.

### IV. Failure to State a Claim

Plaintiff states,

> The Federal Question case jurisdiction under Title VI Financial Assistance is a Question will Title VI Federal Assistance students earn credit from a credit base program for student being challenged to earn credits once completing

> course work assignments does Title VI Federal Assistance qualify students under Title VI being the question. Title VI answer students have rights under the Title VI credit base programs.

(*Id.* at 2.) She then alleges that Defendant is "obligated" to provide each enrolled student "the benefit of receiving a good education under Title VI financial funding." (*Id.*)

Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A Title VI claimant must prove intentional discrimination. *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001)). Title VI's statutory prohibition on discrimination is grounded in the Equal Protection Clause. *Grutter v. Bollinger*, 539 U.S. 306, 343–44 (2003) (citing *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978) ("Title VI . . . proscribe[s] only those racial classifications that would violate the Equal Protection Clause or the Fifth Amendment."). The Ninth Circuit applies the burden shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to claims alleging discriminatory treatment under Title VI. *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014). Under *McDonnell Douglas*,

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the [student's] rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981)) (internal citations and quotation marks omitted). An Equal Protection claim for intentional discrimination alleges that the defendant acted, at least in part, because of the

race, color, or national origin of the alleged victim of discriminatory treatment. *See Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 548 (3d Cir. 2011). The entity must have "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). A prima facie case of intentional discrimination under *McDonnell Douglas* requires the plaintiff to show that they are a member of a protected group, were eligible for the defendant's program, activity, or service, did not receive the service or were otherwise treated adversely, and an individual who was similarly situated with respect to qualifications, but who is not part of the protected group, was treated favorably. *See, e.g.*, *McDonnell Douglas Corp*, 411 U.S. at 802; *Brewer v. Bd. of Trs. of Univ. of Ill.*, 479 F.3d 908, 921 (7th Cir. 2007) (holding plaintiff's Title VI case for discrimination failed because plaintiff did not identify a similarly situated individual).

Here, the Court finds that Plaintiff has failed to state a prima facie case of discrimination under Title VI. First, assuming all facts in the Amended Complaint are true, Plaintiff makes no allegations that Defendant discriminated, at least in part, because of race, color, or national origin as is prohibited by Title VI. Second, even if Plaintiff identified a prohibited discriminatory category, Plaintiff has not alleged that Defendant acted, at least in part, *because of* the adverse effect on Plaintiff's identifiable group. Finally, Plaintiff has not made allegations that there were similarly situated students, who are not part of Plaintiff's protected group, who were treated favorably. Apart from the conclusory allegation that Defendant discriminated against Plaintiff by taking away the opportunity to receive a passing grade by not responding to the phone call request, Plaintiff does not provide the Court with any other details from which this Court can glean a prima facie case for discrimination under Title VI. Accordingly, the Court will dismiss the Amended Complaint for failure to state a claim.

**V.   Leave to Amend**

The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

whether plaintiff has previously amended his complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Here, the Court will permit Plaintiff one more opportunity to amend the complaint further clarifying the Title VI discrimination claim. Within thirty (30) days of the date of this Order, Plaintiff may file a Second Amended Complaint. The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference.

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of the named Defendant with the specific injury suffered by Plaintiff, the allegations against Defendant will be dismissed for failure to state a claim. As indicated above, mere conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed.

The Court is aware that Plaintiff is proceeding pro se. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil

Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. 6.) Plaintiff may file a Second Amended Complaint within thirty (30) days of the date of this Order. If Plaintiff fails to file a Second Amended Complaint within this deadline, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 10th day of May, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge