**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails, | No. CV-22-00194-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Corey Carpenter, et al., | |
| Defendants. | |

     Pending before the Court is Plaintiff Angela Nails' pro se Second Amended Complaint. (Doc. 8.) On April 26, 2022, the Court dismissed Plaintiff's Complaint with leave to amend. (Doc. 5.) Plaintiff subsequently filed her Amended Complaint (Doc. 6), which the Court again dismissed for failure to state a claim (Doc. 7). The Court afforded Plaintiff a final opportunity to amend her complaint, advising Plaintiff that the Second Amended Complaint "must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference." (Doc. 7 at 6.) The Court further advised Plaintiff that, if she chose to file a Second Amended Complaint, "Plaintiff must write short, plain statements telling the Court: (1) the right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct." (*Id.* (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).) The Court made clear that "mere conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed." (*Id.*) On May 23, 2022,

Plaintiff filed a Second Amended Complaint. (Doc. 8.) For the following reasons, the Court will dismiss the Second Amended Complaint with prejudice.

## I.     Statutory Screening of IFP Complaint

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). The district court applies the same standard that is applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

The Court "construe[s] *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

///

///

## II. Plaintiff's Second Amended Complaint

An amended complaint supersedes previous versions. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *A.R. Intern. Anti-Fraud Sys., Inc. v. Pretoria Nat. Cent. Bureau of Interpol*, 634 F. Supp. 2d 1108, 1119 (E.D. Cal. 2009) ("An amended complaint supercedes [sic] the original complaint, and this Court treats A.R. International's original complaint as withdrawn."). Therefore, the Court will assess whether Plaintiff has met the pleading standard based *solely* on the Second Amended Complaint.

Plaintiff participated in an online dissertation course that Defendant taught. (Doc. 8.) Plaintiff alleges that Defendant discriminated against her in violation of Title VI. (*Id.*) The exact discriminatory conduct that Defendant is alleged to have engaged in is ambiguous at best, but it appears that Plaintiff sent emails to Defendant that went unanswered. (*Id.*) Plaintiff asserts, "Per the course requirements academic emails from students are to be answered." (*Id.*) As a result, Plaintiff alleges that "Plaintiff did not receive the same opportunity as the group of other students" and was denied a "meaningful opportunity to able [sic] to fully participate in the defendant [sic] dissertation program . . . ." (*Id.*) Plaintiff claims that her "race is a factor" and states that Defendant "restricted the Plaintiff from earning a passing grade for week eight dissertation assignment while in the defendant online class, the white student enrolled in the defendant dissertation course passed the defendant dissertation course because the defendant passed the student after grading the only assignment week eight for the defendant dissertation course . . . ." (*Id.*) Plaintiff alleges that the "[o]ther race met the course requirements." (*Id.*)

## III. Title VI Discrimination

Under Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A Title VI claimant must prove intentional discrimination. *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th Cir. 2021) (citing

*Alexander v. Sandoval*, 532 U.S. 275, 280–81 (2001)). Title VI's statutory prohibition on discrimination is grounded in the Equal Protection Clause. *Grutter v. Bollinger*, 539 U.S. 306, 343–44 (2003) (citing *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 287 (1978) ("Title VI . . . proscribe[s] only those racial classifications that would violate the Equal Protection Clause or the Fifth Amendment.").

In the Ninth Circuit, courts apply the burden shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) where a plaintiff alleges disparate treatment under Title VI. *Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014). A prima facie case of discrimination thus requires the plaintiff to present evidence of discriminatory motive, although evidence can be either direct or indirect. *Id.* at 1183. "Direct evidence is evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Id.* (quoting *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003)). Indirect evidence requires the plaintiff to allege that similarly situated individuals not part of the same protected group were treated favorably. *Id.* However, "[a] laundry list of scores proves nothing in the absence of context or explanation." *Id.* (quoting *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 274 (7th Cir. 2004)).

**IV.  Discussion**

Here, the Court finds that Plaintiff has again failed to plead a prima facie case of discrimination under Title VI. Although Plaintiff alleges that race was a factor, she offers mere conclusory allegations that her race had anything to do with her unanswered emails. She states, "[t]he defendant treated the Plaintiff differently than the students who pass the defendant dissertation course. The defendant [sic] unfair treatment toward the aspect of learning as other qualifying group of students who are not part of the protected group, the Plaintiff was not treated favorably." (Doc. 8 at 2.) This provides neither sufficient context nor explanation for the Court to conclude that Plaintiff has plausibly plead direct or indirect evidence of discriminatory intent.

Plaintiff further alleges, "[t]he Plaintiff was not afforded course goals time to discuss course related goal sets to assist the Plaintiff with the future five dissertation

online course assignments. The Plaintiff did not earn the passing grade A or B because of the actions of the defendant, the defendant did not answer the Plaintiff [sic] email, the Plaintiff ask [sic] for an incomplete grade . . . ." (*Id.* at 3.) However, it is unclear how the unanswered emails prevented Plaintiff from receiving the same opportunity to participate in the class or from obtaining a passing grade, in particular if Plaintiff sought to receive an incomplete. And to the extent that Plaintiff alleges other students passed the course because they received higher grades on an assignment, Plaintiff has not alleged that other students of a different race were able to communicate with Defendant about the course or that their communication was linked to their passing grade. In short, Plaintiff's Second Amended Complaint is filled with conclusory allegations and missing links.

The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where the plaintiff has previously been permitted to amend her complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Here, the Court gave Plaintiff two opportunities to cure the deficiencies in her complaint and Plaintiff has failed to do so. In addition, the Court provided information on pro se resources available to assist Plaintiff. (Doc. 5 at 4; Doc. 7 at 6.) The Court informed Plaintiff she needed to specifically allege which actions of Defendant's constituted a violation under federal law and specifically link those actions to her injury. (Doc. 5 at 4; Doc. 7 at 6.) Plaintiff was also warned that conclusory allegations were insufficient. (Doc. 5 at 4; Doc. 7 at 6.) Plaintiff has given the Court no reason to believe amendment would be anything other than futile. Therefore, the Court will dismiss the Second Amended Complaint with prejudice.

///

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**. (Doc. 8.) The Clerk of Court shall docket accordingly.

Dated this 7th day of June, 2022.

_____
Honorable Raner C. Collins
Senior United States District Judge